UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ASHLEY MESSINA,<br>    Plaintiff,<br><br>    v.<br><br>PRIMARY RESIDENTIAL<br>MORTGAGE, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-cv-116-MRD-PAS |

MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

Before the Court is Plaintiff Ashley Messina's motion to remand to state court, wherein she argues that Defendant Primary Residential Mortgage Inc. ("PRMI") has failed to put facts in front of the Court establishing that the amount-in-controversy here exceeds $75,000, as is required to establish diversity jurisdiction under 28 U.S.C. § 1332.[1]  ECF No. 7 at 1.  In its objection, PRMI argues that Plaintiff misconstrues the burden established by the removal statute, 28 U.S.C. § 1446, and that the Plaintiff's refusal to stipulate to a damages cap confirms that the amount-in-controversy is met.  ECF No. 11 at 3, 6.

Before analyzing these arguments, the Court takes a moment to briefly outline the allegations against PRMI and how the case ended up before this Court.  Starting in August 2023, Ms. Messina began working for PRMI as a loan officer.  ECF No. 1-1

---

[1] Under 28 U.S.C. § 1332(a), a district court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000."

¶ 6.  Soon after starting, Ms. Messina raised concerns to her employer about "a pattern of ethical, deceptive, and potentially unlawful actions being carried out by [PRMI]."  *Id.* ¶ 9.  After reporting these concerns, it is alleged that "[PRMI] engaged in a pattern of conduct that removed [Messina's] ability to communicate with her clients engaged through [PRMI] as well as Plaintiff's existing client base."  *Id.* ¶ 12. Ms. Messina further alleges that PRMI created a hostile and retaliatory work environment which caused her to resign from her job on or about April 17, 2024.  *Id.* ¶¶ 13, 14.

On January 23, 2026, Ms. Messina filed a complaint in Rhode Island Superior Court with the following counts: (1) Declaratory Judgment, *id.* ¶¶ 22–24 (2) Violation of the Rhode Island Whistleblowers Protection Act ("RIWPA"), *id.* ¶¶ 25–26, and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing, *id.* ¶¶ 27–28.  As for damages, Ms. Messina's complaint asserts that she is seeking "an amount to be determined at trial, plus treble damages pursuant to R.I.G.L. § 28-50-4, interest, costs, attorneys' fees, and any other relief this Honorable Court deems just and proper."  *Id.* at 8.  Just over one month later, on February 27, 2026, PRMI filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1441 and 1446 which govern the removal of civil actions and the procedure for removal of civil actions, respectively. ECF No. 1.  The Notice asserts that Messina's civil action is removable pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b).[2]  *Id.* ¶ 1.  Addressing the amount-in-controversy

---

[2] Section 1441(a) and (b) provide the following:

requirement, PRMI's Notice states that "[t]he Complaint alleges claims for, *inter alia,* Declaratory Judgement and violations of the [RIWPA] and Breach of the Implied Covenant of Good Faith and Fair Dealing. Accordingly, the Complaint plainly places more than $75,000.00 in controversy." *Id.* ¶ 9.

PRMI, as the removing party, has the burden of establishing that the court has jurisdiction under § 1332. *See Amoche v. Guar. Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case.")  The United States Supreme Court addressed the amount-in-controversy in the context of removal in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).  In that case, the Supreme Court explained that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations."  *Id.* at 89. "[R]emoval of the action is proper on the basis of an amount in controversy … if the

---

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Section 1446(c)(2)(B).

Here, Ms. Messina contests that PRMI's sole assertion in paragraph 9 of the Notice establishes a reasonable probability that Messina's claims put more than $75,000 in controversy. ECF No. 7 at 1,4. *See Sahyoun v. Freedom Warranty of Am., LLC*, 543 F. Supp. 3d 1, 2–3 (D.R.I. 2021) ("Removal is proper if the defendant establishes a 'reasonable probability' that the amount in controversy meets the jurisdictional minimum.") (citing *Amoche*, 556 F.3d at 48). Attempting to satisfy its burden, PRMI explains that Ms. Messina's total earnings from August 2023 through mid-April 2024 were $84,483.51. ECF No. 11 at 5. PRMI goes on to state that any damages are subject to trebling and could include attorneys' fees, which it claims the Court can consider in determining the amount-in-controversy. *Id.*

Even so, as Ms. Messina explains in her reply, PRMI's "presentation on damages [] relies on the inaccurate proposition that Plaintiff's damages would consist of her total earnings trebled[.]" ECF No. 12 at 2. Instead, Ms. Messina argues "that RIWPA damages are calculated on specific losses rather than total compensation." *Id.* (citing *Oliver v. Providence Water Supply Bd.*, C.A. No. 19-00415-WES, 2022 WL 2238796, at *3 (D.R.I. June 22, 2022)). In *Oliver*, the district court calculated damages based on specific losses and added that the Court could consider attorney's fees because the RIWPA allows for the award of fees. *Id.* PRMI presents no evidence of how long Ms. Messina has been out of work or any disparity in earnings from her employment with PRMI and her subsequent employer. ECF No. 12 at 2. Absent

4

more specific evidence, the Court cannot find that paragraph 9 of the Notice establishes a reasonable probability that Messina's claims put more than $75,000 in controversy.

PRMI also contends that Ms. Messina's refusal to stipulate to a damages cap — "capping damages at $74,999.00, exclusive of interest and costs" — further confirms that the amount in controversy is met. ECF No. 11 at 6. PRMI argues that "[a] plaintiff's refusal to stipulate constitutes 'some evidence tipping the scale in favor of federal jurisdiction.'" ECF No. 11 at 6 (quoting *Hogan v. Wal-Mart Stores East, L.P.*, C.A. No.13-603 S, 2014 WL 66658, at *6 (D.R.I. Jan. 8, 2014)). While PRMI is correct that this Court may consider the refusal to stipulate as a factor, it is also worth noting that "courts have declined to find a plaintiff's refusal to stipulate to an amount less than the jurisdictional threshold—standing alone—sufficient to justify a finding of jurisdiction." *Hogan*, 2014 WL 66658, at *6. Given the Court's finding that paragraph 9 of the Notice does not come close to establishing a reasonable probability that Messina's claims put more than $75,000 in controversy, the declined damages cap does little to "tip[] the scale in favor of federal jurisdiction." *Id.*

In conclusion, PRMI has failed to satisfy its burden to establish that removal was proper. Therefore, Ms. Messina's motion to remand to state court (ECF No. 7) is GRANTED.[3]

---

[3] Defendant's motion to compel arbitration (ECF No. 8) is DENIED as moot.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge


04/24/2026